**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

```
_____
                               )
MATTHEW PASCUAL,               )
                               )
     Plaintiff,                )
                               )
v.                             )     Civil Action No. 04-1440
                               )
LOWE'S HOME CENTERS, INC.,     )
                               )
     Defendant.                )
_____)
```

**MEMORANDUM OPINION**

The instant matter comes before the Court on Defendant's Motion for Summary Judgment. This case arises from Plaintiff's employment as a Sales Manager in Defendant's Sterling, Virginia branch. Plaintiff asserts that his termination from Defendant company constitutes retaliation in contravention of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (2003).

Plaintiff, a male employee, worked at Lowe's from September 23, 2002 until his termination on September 4, 2003. Plaintiff alleges that in January 2003, various managers began to refer to him as "pretty pants." Plaintiff also alleges that at a social gathering, a female manager "groped him in a sexually suggestive manner and made sexually aggressive comments."

Plaintiff claims that he reported this behavior to the store manager Steve Rosko who, he alleges, failed to take corrective action. Plaintiff's Complaint also asserts that he learned of

and reported an alleged incident of sexual harassment involving a female co-worker.  On May 21, 2003, he lodged an internal complaint, reporting both matters to the store's Human Resources Manager, Drishna Desai.  Ms. Desai forwarded Plaintiff's complaint to the regional Human Resources Manager.  As a result, all store managers were required to attend sexual harassment training.

Plaintiff claims that, in retaliation for his complaint to Human Resources, Mr. Rosko increased Plaintiff's managerial duties thus requiring him to work an additional five to ten hours per week.  Plaintiff further claims that such retaliatory action ultimately culminated in his termination on September 4, 2003.

On May 14, 2003, prior to the allegedly retaliatory actions, Plaintiff was counseled and issued a written warning for failure to complete various tasks in accordance with company standards.  Again, on May 20, 2003, Mr. Rosko performed a routine assessment of Plaintiff's performance and found various deficiencies including failure to perform certain assigned duties and discussed those findings with Plaintiff.  The following day, Plaintiff lodged his internal complaint.

Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("E.E.O.C.") on October 14, 2003.  The E.E.O.C. dismissed his Charge and issued a Right to Sue letter in response to which Plaintiff filed the instant

suit alleging one count of retaliation and one count of retaliatory termination, both in violation of Title VII. Defendant moved for summary judgment.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate when the moving party can show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A court must regard the evidence presented in the light most favorable to the non-moving party. See Smith v. Virginia Commonwealth Univ., 84 F.3d 672, 675 (4th Cir. 1996) (en banc). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Mere speculation by the non-moving party "cannot create a genuine issue of material fact." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1986).

In order to establish a prima facie case of retaliation under Title VII, a plaintiff must demonstrate that he engaged in a protected activity, that his employer took an adverse employment action against the employee, and that a causal connection existed between the protected activity and the adverse employment action. Von Guten v. Maryland, 243 F.3d 858, 863 (4th Cir. 2001). In order to satisfy the first prong of the

retaliation inquiry and demonstrate engagement in a protected activity, a plaintiff must establish that he opposed an unlawful employment practice. Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253, 259 (4th Cir. 1998).

While a plaintiff suing under Title VII need not prove that the employment practice that he opposed in fact violated Title VII, he nonetheless must demonstrate, at a minimum, that he held a reasonable good faith belief that the practice was violative of Title VII. Peters v. Jenney, 327 F.3d 307, 320-21 (4th Cir. 2003) (construing an identical retaliation provision under Title VI). Therefore, the "protected activity" test is comprised of both a subjective and an objective component. Id.; see also Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1312 (11th Cir. 2002). The objective reasonableness of Plaintiff's belief must be assessed in light of the standard for the predicate Title VII claim which, in this case, most closely resembles a hostile work environment cause of action. Such claims require that the conduct complained of be sufficiently "severe and pervasive" so as to alter the terms and conditions of Plaintiff's employment. Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75 (1998) (holding that conduct that is not severe or pervasive enough to create an objectively hostile work environment falls outside the purview of Title VII).

Here, Plaintiff has failed to demonstrate that he held

4

either a subjectively or objectively reasonable belief that he was the victim of sexual harassment in contravention of Title VII.  Plaintiff's deposition testimony reveals that his Human Resources complaint rested largely upon the allegation that his fellow managers referred to him with the nickname "pretty pants."  The nickname carries no overtly sexual connotation and Plaintiff's own testimony demonstrates that even he was uncertain about the meaning that the name was intended to convey.  He testified in his deposition that "I don't know if I would call it sexual or just offensive...I don't know why they gave me the name."  Further, the e-mail that Plaintiff sent to the Human Resources manager complaining of the alleged harassment claimed merely that the nickname was unprofessional and "could be construed as offensive."

Also, as noted above, it was not until after Plaintiff was counseled twice for poor job performance and, five months after the alleged harassment began, that he complained to anyone that he found the term offensive.  All of these facts belie any assertion regarding the objectively offensive nature of the comments.

Given the, at best, ambiguous nature of the comments of which Plaintiff complains and the Fourth Circuit's Title VII jurisprudence regarding severity of conduct, this Court finds that, based on the evidence, no reasonable person could conclude

5

that the comments constituted an actionable violation of Title VII.  As such, Plaintiff has failed to satisfy the first prong of the retaliation inquiry and summary judgment is appropriate.

Plaintiff has similarly failed to demonstrate the existence of any causal relationship between his allegedly protected activity and the termination of his employment.  Defendant has proffered evidence of Plaintiff's unsatisfactory performance during the period preceding his termination.  The fact that those deficiencies occurred and were brought to Plaintiff's attention before he filed his internal complaint with Human Resources casts further doubt upon Plaintiff's assertion regarding causation.  Plaintiff has introduced no evidence, beyond his own conclusory allegations, to suggest that the cited performance deficiencies constitute a pretext for retaliation.  In light of the foregoing, Plaintiff has failed to establish a prima facie case of retaliation and Defendant is entitled to summary judgment on both counts.

An appropriate Order shall issue.

/s/

_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
July 12  2005